## Commonwealth *v.* Spielman et al., Appellants.

Argued February 4, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*G. C. Ladner,* of *Ladner & Ladner,* for appellants.

*Wilhelm F. Knauer,* with him *Robert M. Ewing,* Special Deputy Attorneys General, and *Cyrus E. Woods,* Attorney General, for appellee.

PER CURIAM, March 18, 1929:

The Commonwealth filed a bill in equity against the first two defendants and their landlord, the third defendant, under section 7 of the Act of March 27, 1923, P. L. 34, known as the Prohibition Enforcement Act. The bill prayed that a certain "common nuisance," as defined in section 6 of the act, alleged to exist on premises occupied by the first two defendants and owned by the third defendant, should be abated, and that the use of the premises in question, or the part thereof occupied by the first two defendants, as a retail drug store, should be prohibited for a period of one year from the date of the decree, as authorized by the statute in question. The injunction was issued and defendants have appealed.

The first two defendants do not contend that the evidence is insufficient to show unlawful sales of liquor upon the premises, but that it was not necessary for the court below to "padlock" the property, and thus prevent them from conducting a legitimate drug business therein, since an injunction against them person-

ally would be sufficient to stop their illegitimate sales of liquor, and the third defendant likewise complains of the "padlocking" part of the decree. It was for the court below, however, to judge of the necessity for this part of the decree, and we are not convinced of any abuse of discretion in that regard. As stated by the chancellor: "Equity might, in some circumstances, withhold a padlocking injunction because of the unmerited injury it might inflict upon a landlord, as, for instance, in the case of a sporadic and occasional use of property by a tenant in violation of law, of which the landlord, in fairness, could not and should not be expected to be cognizant. In circumstances such as the present, however, we see no reason for doing so. In addition, these tenants hold the premises under a long-term lease, which has several years yet to run. The landlord has parted with her right to the possession and enjoyment of the property, upon which......the injunction will operate, and she cannot, therefore, be legally injured by it [for] her right to rent [will] not......be defeated."

The decree appealed from is affirmed at cost of the first two defendants.